UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re                                                              Chapter 7

Barry R. Levine                                          Case No. 21-10205-JEB
    Debtor

DEBTOR'S MOTION TO APPROVE PRIVATE SALE

Barry R. Levine, (the "Debtor") requests the Court for authority to sell certain property of the estate at private sale free and clear of all liens, claims and encumbrances pursuant to Fed R. Bankr. P. 6004(c) and Local Rule 6004-1.  In support of the motion, the Debtor states the following:

1. The Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on February 20, 2021.  The Debtor owns Real Property known as 28 Gerald Road, Marblehead, Essex County, Massachusetts, hereinafter the ("Property") with the improvements thereon. The Property is owned by the Debtor and his non-debtor spouse under a deed recorded with the Essex Registry of Deeds in Book 14905, Page 308.  The Debtor will claim a Massachusetts homestead exemption in the amount of $500,000 based on a declaration of homestead recorded on December 9, 2002 in Book 19766, Page 124.

2. The Debtor has filed a motion to employ Jessica Schenkel as broker to assist with the sale of the Property.  The broker has marketed the Property and the Debtor has received an offer from Steven P. Salter and Jeri S. Slater, (the "Offeror") of Salem, Massachusetts, or nominee, to purchase the Property for $996,500.00 in cash with a mortgage contingency.

**Statement Under MLBR 6004-1(c)**

3. Pursuant to MLBR 6004-1(c), the Debtor represents as follows:

(A) **Sale free and clear of liens or interest**: The proposed sale is to be free and clear of liens, claims, encumbrances and interest with any such interest in the Real Property, when established, attaching to the proceeds realized from the sale as set forth herein.

(B) **Identity of Lienholders/Parties in Interest**: Based on a review of the recordings at the Registry of Deeds, the Real Property is encumbered as follows:

| Date | Description | Amount |
|---|---|---|
| 07/11/03 | Mortgage - Selene Financial | $660,000.00 |
| 07/16/15 | Unifund Corporation – Judicial Lien (To be avoided as impairment of exemption) | $103,784.35 |
| 12/13/16 | Internal Revenue Service – Tax Lien | $58,142.97 |
| 05/01/17 | Internal Revenue Service – Tax Lien | $11,870.00 |

(C) **Prior Marketing of Property**: The Debtor employed Jessica Schenkel as broker who has marketed the Property. The current offer is the best offer received to purchase the Property.

(D) **Proposed Distribution**: The Debtor seeks authority to pay the following

items directly at the closing:

    i.  The outstanding real state taxes, any municipal charges and ordinary closing costs.

    ii.  The mortgage to Selene Financial will be paid directly to Selene Financial from the proceeds of the sale.  The tax lien recorded by the Internal Revenue Service will be paid directly to the Internal Revenue Service.

    iii.  The Broker's Commission of Five Percent of the purchase price ($49.825 if there are no counteroffers) to Jessica Schenkel, Broker.

    iv.  The balance of the funds will be paid to the Debtor pursuant to his allowed homestead exemption, less any outstanding attorney's allowed which will be held in escrow subject to court approval.

    (E)  **Private Sale Rather than Public Sale**:  This proposed §363 sale is in the best interest of the Debtor's estate as it will enable the Debtor to obtain the highest and best offers for the Real Property and maximize the value of such asset for the Estate.

    (F)  **Broker's Commission**:  The Debtor has filed a motion to employ Jessica Schenkel as Broker to assist with the sale of the Real Property at a commission rate of Five percent of the purchase price, without the necessity of further court approval.  The Broker's fee will be paid to the broker directly from the proceeds of the sale at the closing of the sale.

    3.  Notice to parties in interest will include the date of the hearing on this motion and the time within which objections may be filed and served on the Debtor.  The said private sale will be free and clear of all liens, attachments, mortgages, and encumbrances.  Any interest in the Property when established, shall attach to the

proceeds realized from the sale of the Property, subject to a determination by the Bankruptcy Court as to the priority, validity and amount of such interest.

4. **Buyer in Good Faith**. At all material times the Debtor has dealt with the Offeror, including the negotiation of the Offer, in good faith and at arms' length. The Debtor believe that the Offeror is now, and will be after the closing, entitled to the protection of 11 U.S.C. §363(m).

5. **Waiver of Stay under Bankruptcy Rule 6004(h)**. To implement the foregoing sale successfully, the Debtor seeks a waiver of the 14-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).

WHEREFORE, The Debtor requests that this Court issue an order allowing the Debtor's Motion to Sell Real Property of the estate free and clear of liens, and for such other and further relief as the Court deems just and proper.

BARRY R. LEVINE
By his attorney

Dated:   March 11, 2021

/s/ John O. Desmond
_____
John O. Desmond (BBO 554580)
5 Edgell Road, Suite 30A
Framingham, MA 01701
Tel:  (508) 879-9638
Email: attorney@jdesmond.com